UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4138

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWIN ARNOLDO REYES,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Peter J. Messitte, District Judge. (CR-01-533-PJM)

Submitted:  September 27, 2004      Decided:  November 9, 2004

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bradley A. Goldbloom, SIEGEL & HYATT, LLC, Baltimore, Maryland, for Appellant.  Michael Clayton Hanlon, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland; Deborah A. Johnston, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Edwin Arnoldo Reyes appeals from his conviction and sentence entered after he pled guilty to conspiracy to distribute and to possess with intent to distribute five or more kilograms of cocaine. Reyes' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Although counsel states there are no meritorious issues for appeal, he challenges the district court's denial of Reyes' motion to withdraw his guilty plea. Reyes has filed two supplemental pro se briefs, challenging his sentence under the sentencing guidelines and under the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). In accordance with Anders, we have considered the briefs and examined the entire record for meritorious issues. Finding no error, we affirm.

Where, as here, a defendant sought to withdraw his guilty plea before sentencing, he must demonstrate a "fair and just reason" for withdrawal of the plea. Fed. R. Crim. P. 11(d)(2)(B). "A defendant has no 'absolute right' to withdraw a guilty plea, and the district court has discretion to decide whether a 'fair and just reason' exists upon which to grant a withdrawal." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003), cert. denied, 124 S. Ct. 1523 (2004). The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996).

In determining whether a defendant has shown a "fair and just reason" to withdraw his guilty plea, a court examines the following six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The most important consideration in resolving a motion to withdraw a plea, however, is whether the Rule 11 plea colloquy was properly conducted. Bowman, 348 F.3d at 414. A court should closely scrutinize the Rule 11 hearing and attach a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

We find that the district court did not abuse its discretion in denying Reyes' motion to withdraw his plea. The transcript of the Rule 11 colloquy supports the district court's conclusion that Reyes knowingly and voluntarily entered his guilty plea. The plea agreement, the counts of conviction, the possible sentences, and the factual basis were exhaustively explained to Reyes, and he testified under oath that he understood. Further,

- 3 -

the district court explicitly found that Reyes' testimony at the motion to withdraw hearing was not credible, and such a finding is not reviewable on appeal. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

Regarding the other factors, Reyes did not contest his guilt; he merely argued for a different sentence. Next, Reyes' guilty plea came on the eve of trial, and his motion to withdraw was filed five months later. Based on this delay, the district court found that the Government would be prejudiced if it had to again marshall witnesses for a trial. The court also found that Reyes' complaints regarding his attorney were not credible. Thus, each of the factors weighed against withdrawal of the plea, and the district court did not abuse its discretion by denying Reyes' motion.

In his plea agreement, Reyes waived the right to challenge the guideline calculation at sentencing (except for criminal history) and on appeal (except for upward or downward departures). The Government and Reyes agreed to certain enhancements and adjustments and determined that no other adjustments would be made. Although no upward or downward departures were made at sentencing, Reyes seeks to appeal the calculation of his sentence on numerous grounds.

A criminal defendant may waive his statutory right to direct appeal as part of a plea agreement with the Government.

United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). For a waiver to be effective, the plea agreement must be entered into knowingly and voluntarily, and the district court must specifically inquire as to the Defendant's knowledge of the waiver provision. Id. As discussed above, the plea agreement was knowingly and voluntarily entered into, and Reyes' testimony to the contrary was found not credible. In addition, the Rule 11 hearing transcript shows that the court apprised Reyes of the appellate waiver provision. Accordingly, Reyes' waiver is valid and enforceable and bars his attempts to challenge the calculation of his sentence under the sentencing guidelines.

Finally, Reyes challenges his sentence under Blakely. Because we recently decided that Blakely did not invalidate a sentence imposed within the federal guidelines, we find that any Blakely claim is without merit. See United States v. Hammoud, __ F.3d __, 2004 WL 2005622 (4th Cir. Sept. 8, 2004), petition for cert. filed (U.S. Aug. 6, 2004) (No. 04-193).

Accordingly, we grant Reyes' motion to supplement and affirm his conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court to withdraw from representation at that time. Counsel's motion

- 5 -

must state that a copy thereof was served on Reyes.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
